IN THE UNITED STATES DISRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

Case No. 5:20-CR-00109-M
Case No. 5:21-CV-00505-M

UNITED STATES OF AMERICA, :
　　　　Plaintiff, :
v. : ORDER
JUAN ROBERTO GONZALEZ DE LA MORA, :
　　　　Defendant. :

This matter comes before the court on Defendant Juan Roberto Gonzalez de la Mora's ("Gonzalez") petition to vacate or set aside his sentence pursuant to 28 U.S.C. § 2255 [DE 49]. The United States responded by filing a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure [DE 67], and Gonzalez filed a response to the motion. The court finds that Gonzalez's petition, the United States' motion, and the record in this case conclusively show that Gonzalez is entitled to no relief; therefore, no hearing is necessary pursuant to 28 U.S.C. § 2255(b). For the reasons that follow, the United States' motion to dismiss is granted and Gonzalez's petition is denied.

I.　　**Background**

On February 28, 2020, Gonzalez was charged in a two-count Criminal Information as follows: Count One charged Conspiracy to Distribute and Possess With Intent to Distribute 500 Grams or More of Methamphetamine from February 2019, to May 8, 2019, in violation of 21 U.S.C. § 846, and Count Two charged Possession With Intent to Distribute 500 Grams or More of Methamphetamine on May 8, 2019, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.

Information, DE 1. On March 24, 2020, Gonzalez appeared before this court for arraignment and pleaded guilty pursuant to a written plea agreement to both counts in the Information. DE 10. During the arraignment, Gonzalez presented the court with a signed waiver of indictment, and he confirmed that he understood and personally signed the plea agreement. Tr. 11: 1-18, 18: 2-11, DE 59. In addition, Gonzalez confirmed that he was fully satisfied with his lawyer's legal services (*id.* 4:17-24) and expressed his understanding that his actual sentence may be different from any estimate given him by his lawyer or anyone else (*id.* 15: 2-25).

On December 2, 2020, Gonzalez was sentenced to 210 months' imprisonment followed by five years on supervised release. DE 42. Gonzalez did not appeal his conviction or sentence; instead, he completed and filed *pro se* a form "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody." DE 49. In it, Gonzalez identified as the sole "ground" for his motion, "Ineffective Assistance of Counsel," stating:

> Petitioner Gonzlaez urges that his cousel rendered inefective assitance of counsel, by inducing him to enter in to a guilty plea that was entered improvidently, with wrong advice, and without understanding of the effects or his rights.
>
> Mr. Gonzalez, with the advice of his attorney, entered a guilty plea on March 24, 2020, Gonzalez submits that prior to the entering of his plea agreement and before sentencing, his former attorney positively onduced him to enter his guilty plea under the advice that he would only receive the mandatory minimum of 10-years up on sentencing. On December 2, 2020, Gonzalez discovered "concerns" related to his plea agreement, because he received a 210-month sentence. Although, his plea agreement quoted no specific sentence, Gonzalez's counsel possitively assured him not to worry regarding the sentencing expusure, because 10-years was the expected sentence he would receive under the circumstances. Accordingly, Gonzalez's counsel had made an agreement with the government to that specific term of sentence.
>
> Gonzalez presents that had he been advised correctly, he would not have entered into his plea agrement and he would have taken his case to trial.

DE 49 at 4. Approximately two weeks later, Gonzalez moved the court for a period of "60 days … to prepare and file his Memorandum in Support of his 2255 motion." DE 53 at 3. Gonzalez further sought and was granted an additional sixty days on February 22, 2022. DE 60.

On May 16, 2022, Gonzalez filed a memorandum, dated April 25, 2022, in which he asserted additional grounds on which to base his claim of ineffective assistance of counsel: (1)

2

Case 5:20-cr-00109-M   Document 79   Filed 05/15/23   Page 2 of 16

counsel filed a waiver of indictment without Gonzalez's signature and consent; (2) counsel failed to investigate and file a motion to exclude evidence and suppress Gonzalez's statements to law enforcement; (3) counsel failed to advise Gonzalez of his rights under Article 36 of the Vienna Convention; (4) counsel improperly allowed a sentencing interview by probation prior to Gonzalez's plea; (5) counsel made "affirmative misrepresentations" during the plea negotiation when counsel told Gonzalez "he had spoken to [AUSA] Thomas Crosby and misrepresented that he guaranteed and secured the 5k1 cooperation, substa[n]tial assistance terms, and 'safety valve' sentence reduction respectfully 'whether or not he cooperated with or assisted with the government' and that he would not see Gonzalez do more tha[n] 5 years"; (6) counsel failed to ensure that the plea agreement contained the "requisite factual basis for the plea"; (7) during the "change of plea" hearing, counsel "averted his gaze, turned his back against [Gonzalez] and silently watched the Court's failure to provide Gonzalez the adequate Rule 11 plea colloquy admonition determination in compliance with the Rule's three 'core concerns'"; (8) counsel failed to advise Gonzalez at the time of his plea that the "purity" of the methamphetamine ("actual") could increase the guidelines base offense level from 34 to 38; (9) at sentencing, counsel improperly withdrew an objection to the increased "erroneous" base offense level; and (10) counsel failed to properly object at sentencing to the two-level enhancement for "aggravating" role. DE 66.

On May 27, 2022, the United States filed a motion to dismiss the petition, arguing that the only timely claim is that asserted in the December 2021 motion and that the claims raised in May 2022 do not "relate back" to the original petition, as required by Rule 15(c) of the Federal Rules of Civil Procedure. DE 67, 68. Gonzalez filed a response to the motion to dismiss, arguing that his "amendments" (new claims) are timely and "arose out of the same conduct, transaction, or

3

occurrences set forth in the original pleading" ... "[t]o wit; that 'prior to entry of his plea and before sentencing counsel rendered ineffective assistance by inducing [Gonzalez] to enter a guilty plea that was entered improvidently with wrong advice." DE 76 at 7-8. Gonzalez also re-argues the validity of each claim he raises in this matter. *Id.* at 10-20. The court is now fully apprised.

## II. Legal Standards

Section 2255 provides that habeas relief should be awarded when

> the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack.

28 U.S.C. § 2255(b). Once the petitioner has shown this, "the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." *United States v. Pettiford*, 612 F.3d 270, 277 (4th Cir. 2010) (quoting § 2255(b)). A district court's resolution of a prisoner's § 2255 petition should proceed in two steps: "First, the district court must determine whether the prisoner has met his burden of showing that his sentence is unlawful on one of the specified grounds, including a legal defect in his conviction. *Id.*; *see also United States v. Hadden*, 475 F.3d 652, 661 (4th Cir. 2007).

Second, if the prisoner's sentence is found unlawful on one of those grounds, the district court should grant the prisoner an 'appropriate' remedy, which includes discharge, resentencing, or a new trial." *Pettiford*, 612 F.3d at 277 (quoting *Hadden*, 475 F.3d at 661). "If the prisoner fails to show that his sentence is unlawful on one of the specified grounds under the threshold inquiry, however, 'the court must deny the petition.'" *Id.* In making this determination, courts are obligated to construe pro se pleadings, including habeas petitions, "liberally and [to] interpret them to raise the strongest arguments they suggest." *United States v. Mayhew*, 995 F.3d 171, 184 (4th Cir. 2021) (citing *Martin v. Duffy*, 977 F.3d 294, 298 (4th Cir. 2020)).

4

The Government may respond to a § 2255 petition by filing a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *United States v. Reckmeyer*, 900 F.2d 257, 1990 WL 41044, at *4 (4th Cir. Apr. 2, 1990) ("a district court may properly consider a Rule 12(b)(6) challenge to the legal sufficiency of a § 2255 petition"); *see also Walker v. Kelly*, 589 F.3d 127, 138 (4th Cir. 2009) ("In proceedings under § 2254, the familiar standards in Rule 12(b)(6) of the Federal Rules of Civil Procedure apply to the government's motion to dismiss.") (citing *Walker v. True*, 399 F.3d 315, 319 n.1 (4th Cir. 2005)). When considering a Rule 12(b)(6) motion to dismiss, the court must accept as true all of the well-pleaded factual allegations contained within the petition and must draw all reasonable inferences in the petitioner's favor, *Kelly*, 589 F.3d at 138, but any legal conclusions proffered by the petitioner need not be accepted as true, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The *Iqbal* Court made clear that "Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* at 678–79.

To survive a Rule 12(b)(6) motion, the petitioner's well-pleaded factual allegations, accepted as true, must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). *Twombly*'s plausibility standard requires that a plaintiff's well-pleaded factual allegations "be enough to raise a right to relief above the speculative level," i.e., allege "enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Id.* at 555–56. A speculative claim resting upon conclusory allegations without sufficient factual enhancement cannot survive a Rule 12(b)(6) challenge. *Iqbal*, 556 U.S. at 678–

79 ("where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged--but it has not 'show[n]'--'that the pleader is entitled to relief.'" (quoting Fed. R. Civ. P. 8(a)(2)); *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) ("'naked assertions' of wrongdoing necessitate some 'factual enhancement' within the complaint to cross 'the line between possibility and plausibility of entitlement to relief.'" (quoting *Twombly*, 550 U.S. at 557)).

### III. Analysis

Gonzalez's claims all allege violations of his right to effective assistance of counsel pursuant to the Sixth Amendment. To state a claim of ineffective assistance of counsel, a petitioner must show that (1) his attorney's performance fell below an objective standard of reasonableness, and (2) he suffered prejudice as a result. *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984). Under the performance prong, counsel must provide reasonably effective assistance pursuant to "professional norms." *United States v. Cannady*, 63 F.4th 259, 265 (4th Cir. 2023) (citing *Padilla v. Kentucky*, 559 U.S. 356, 366 (2010)). This assistance should, among other things, be legally competent, include relevant research, and raise important issues. *Id.* (citing *Strickland*, 466 U.S. at 687–90). The "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689; *see also Cannaday*, 63 F.4th at 265 ("[J]udicial scrutiny of counsel's performance must be highly deferential.") (quoting *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000)). The second prong, prejudice, is demonstrated by showing there is a "reasonable probability" that, but for the counsel's deficiency, "the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

All parties agree that Gonzalez timely and properly filed a claim of ineffective assistance of counsel, alleging that his counsel induced him to agree to plead guilty by promising Gonzalez

6

he would receive only the mandatory minimum term of 10 years' imprisonment. *See* DE 49. The parties dispute, however, whether any additional claims raised in Gonzalez's "Memorandum of Law," filed more than six months after the motion, are timely. The court will address the merits of the timely claim first, then determine whether the additional claims are timely and, if they are, the court will evaluate whether any such additional claim is sufficient to justify vacating Gonzalez's conviction.

A. Gonzalez's December 2021 Claim

When a party claims a counsel's deficient performance deprived him of a trial by causing him to plead guilty, "the defendant can show prejudice by demonstrating a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and insisted on going to trial." *Lee v. United States*, 582 U.S. 357, 364-65 (2017) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)). "[T]o obtain relief on this type of claim, a petitioner must convince the court that a decision to reject the plea bargain would have been rational under the circumstances." *See Padilla*, 559 U.S. at 372 (citation omitted).

"Circuit precedent holds that a defendant cannot prevail on a claim of ineffective assistance of counsel that arises from counsel's misadvice if, before accepting the plea, 'the district court provides an admonishment that corrects the misadvice and the defendant expresses that he understands the admonishment.'" *United States v. Akande*, 956 F.3d 257, 262 (4th Cir. 2020) (quoting *United States v. Akinsade*, 686 F.3d 248, 253 (4th Cir. 2012)). A plea colloquy can correct an alleged error if the district court provides a "careful explanation" that "address[es] the particular issue underlying the affirmative misadvice." *Id.* at 263 (quoting *Akinsade*, 686 F.3d at 254-55). "To cure the error, the district court's admonishments must be sufficiently clear and specific." *Id.*

7

The United States argues that, even if it is true that before Gonzalez pled guilty at this arraignment, defense counsel "possitively [sic] assured [Gonzalez] not to worry regarding the sentencing exposure because 10 years was the expected sentence he would receive under the circumstances" (DE 49 at 4), the court "cured" any such error through its Rule 11 colloquy. Gonzalez counters that he has stated a viable claim of his counsel's deficient performance under *Strickland*. DE 76 at 10-11.

The court agrees that any incorrect advice regarding his sentence that Gonzalez may have received prior to pleading guilty was cured by the Rule 11 colloquy and Gonzalez's expressions of understanding during Gonzalez's arraignment. For example, at the arraignment, Gonzalez expressed his understanding that his lawyer's calculation of an advisory guideline range is only an estimate, and that the court would determine the advisory guideline range at the sentencing hearing. Tr. 14: 15-19, DE 59. The court's exchange with Defendant then proceeded as follows:

> THE COURT: Do you understand that the Court has the authority in some circumstances to impose a sentence that is more severe or less severe than the sentence called for by the advisory guideline range?
>
> THE DEFENDANT: Yes.
>
> THE COURT: If I were to do so, that would be done via what's called a departure or variance. Do you understand that it is the Court that will determine your actual sentence?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Do you understand that your sentence may be different from any estimate your lawyer or anyone else may have given you?
>
> THE DEFENDANT: Yes.
>
> THE COURT: You understand that if you enter a plea of guilty and the Court accepts that plea, then the Court has the authority to sentence you to the maximum sentence on each count permitted by law?
>
> THE DEFENDANT: Yes.

8

> THE COURT: Do you understand that the maximum sentence on each count permitted by law is the maximum penalty that I just told you about a little while ago as to each count?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Do you understand if the Court imposed such a maximum sentence, you would not be allowed to withdraw your guilty plea?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Has anyone made any promise to you as to what your sentence will be?
>
> THE DEFENDANT: No, sir.

*Id.* 14: 20 – 15: 25. The court finds this exchange reflects the court's "careful explanation" of its role at sentencing—*i.e.*, only the court, not the parties, would determine Gonzalez's actual sentence. *See Akande*, 956 F.3d at 263. The exchange also "address[es] the particular issue underlying the affirmative misadvice," described by Gonzalez as defense counsel's statements that Gonzalez "would only receive a 10 year mandatory minimum (worst case s[c]enario)" and that "he had already talked to the government about the 10[-]year sentence and that the supplemental [plea] agreement would reduce the sentence substantially." *See id.*; *see also* Resp., DE 76 at 10. The court further advised Gonzalez that his "plea agreement is between you and the Government. The Court is not a party to the plea agreement. Also, the Court is not bound by any sentencing recommendations or stipulations in the plea agreement." Tr. 10: 5-8, DE 59. There was no indication during the arraignment that Gonzalez did not understand the court's questions and admonitions or had any hesitation in responding to questions concerning the sentencing process.

The court concludes that Gonzalez fails to demonstrate a reasonable probability that, but for the alleged misadvice, he would not have pleaded guilty and insisted on going to trial.

9

B.     Gonzalez's May 2022 Claims

Section 2255 provides, in pertinent part, that "[a] 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of – the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). Gonzalez filed his motion to vacate ("petition") on December 9, 2021, nearly one year after his December 2, 2020 judgment became final on December 16, 2020.

All parties agree that the claims raised in Gonzalez's May 2022 memorandum are "new" or, at least, "additional" to the claim raised in the December 2021 petition; thus, on its face, each "new" claim appears to be untimely. Gonzalez does not argue that the United States erroneously computes the limitations period under the statute (*see* 28 U.S.C. § 2255(f)) or that he is entitled to any equitable relief. Rather, Gonzalez contends that the court's orders granting his motions for additional time in which to file a memorandum in support of his petition demonstrate that any "amendments" proposed therein are timely. The court disagrees; nothing in Gonzalez's motions for extension of time put the court on notice that he desired or intended to "amend" or otherwise add new claims to his § 2255 petition outside the limitations period. *See* Mots., DE 53, 60. By granting Gonzalez additional time in which to file a *memorandum in support* of his petition,[1] the court neither expressed nor implied that any proposed amendments in an amended petition Gonzalez might file pursuant to Rule 15(a)(1) of the Federal Rules of Civil Procedure[2] would be considered timely filed.

---

[1] In this district, filing a supporting memorandum is required by Local Civil Rule 7.1(e), which provides that "all motions made, other than in a hearing or trial, shall be filed with an accompanying supporting memorandum in the manner prescribed by Local Civil Rule 7.2(a)."
[2] *See* Rule 12 of the Rules Governing Section 2255 Proceedings; *see also United States v. Pittman*, 209 F.3d 314, 317 (4th Cir. 2000) ("courts have typically applied Federal Rule of Civil Procedure 15 to the amendment of a § 2255 motion").

10

Notably, in arguing for dismissal of the May 2022 claims, the United States (1) summarily construed Gonzalez's "Memorandum of Law" as an "untimely amended [petition] containing new claims," and (2) argues that the claims do not "relate back" to the date of Gonzalez's petition pursuant to Rule 15(c). DE 68 at 9. First, the Supreme Court has approved the application of Rule 15(a)(1) in habeas proceedings. *See Mayle v. Felix*, 545 U.S. 644, 663 (2005) (prior to the filing of an answer or other response, "the petitioner may amend his pleading 'as a matter of course'" pursuant to Rule 15(a)). In this case, Gonzalez filed his memorandum *before* the United States filed a response to Gonzalez's petition – here, a motion to dismiss. Reading Gonzalez's *pro se* filings liberally as it must, the court finds Gonzalez's memorandum may be properly construed as an amended petition filed as a matter of course under Rule 15(a)(1).

Second, Gonzalez contends that his new claims do, in fact, "relate back" to the original claim, in that "they are to clarify and particularize the existing claims [sic] of deficient performance of trial counsel." DE 76 at 11-12. The Fourth Circuit instructs that "[w]hen proposed claims in an amendment are barred by the statute of limitations, Rule 15(c) provides for the relation back of amendments to the original pleading under certain circumstances." *United States v. Pittman*, 209 F.3d 314, 317 (4th Cir. 2000). Relation back is permitted when "the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth . . . in the original pleading." *Id.* (citing Fed. R. Civ. P. 15(c)(2)).

In 2005, the Supreme Court addressed a conflict among the circuits as to the meaning of "arose out of the [same] conduct, transaction, or occurrence" in the context of an untimely amendment to a habeas petition. *See Mayle*, 545 U.S. at 653. The Court found that "Rule 15(c)(2) relaxes, but does not obliterate, the statute of limitations; hence relation back depends on the existence of a common 'core of operative facts' uniting the original and newly asserted claims."

11

*Id.* at 659. The Court rejected as overbroad a rule allowing relation back when the new claims simply relate to the same trial, conviction, or sentence as the original claim. *Id.* at 662 ("If claims asserted after the one-year period could be revived simply because they relate to the same trial, conviction, or sentence as a timely filed claim, AEDPA's limitation period would have slim significance."). Rather, the Court held that "[s]o long as the original and amended petitions state claims that are tied to a common core of operative facts, relation back will be in order." *Id.* at 664; *see also Gray v. Branker*, 529 F.3d 220, 241 (4th Cir. 2008) ("An amendment to a habeas petition relates back under Rule 15(c)(2) when the new claim arises from the 'same core facts [in time and type] as the timely filed claims.'").

In this case, the court finds Gonzalez's claims do not arise from the same common core of operative facts as his original claim. First, any claims based on defense counsel's performance at the arraignment and sentencing hearings do not relate *in time* to the original claim that counsel misadvised Gonzalez *prior to his plea* that his prison sentence would not exceed ten years. Thus, Gonzalez's claims that (7) at the arraignment, counsel "averted his gaze, turned his back against [Gonzalez] and silently watched the Court's failure to provide Gonzalez the adequate Rule 11 plea colloquy admonition"; and at the sentencing, counsel (9) improperly withdrew an objection to the increased "erroneous" base offense level, and (10) failed to properly object to the two-level enhancement for "aggravating" role are untimely.[3]

Furthermore, the claims that counsel (1) filed a waiver of indictment without Gonzalez's signature and consent; (2) failed to investigate and file a motion to suppress Gonzalez's statements to law enforcement; (3) failed to advise Gonzalez of his rights under Article 36 of the Vienna Convention; (4) improperly allowed a sentencing interview by probation prior to Gonzalez's plea;

---

[3] The court references Gonzalez's claims here by the numbers assigned them at pages 2-3, *supra*.

Case 5:20-cr-00109-M Document 79 Filed 05/15/23 Page 12 of 16

and (6) failed to ensure that the plea agreement contained the "requisite factual basis for the plea" do not relate *in type* to the original claim regarding "misadvice" about Gonzalez's anticipated sentence term. *See Gray*, 529 F.3d at 241 (although new facts may support a broad contention—such as ineffective assistance of counsel—they do not relate back when "they arise from an entirely separate factual circumstance and create a new and distinct claim for relief"). Thus, these claims are untimely.

Gonzalez's new fifth and eighth claims appear to be nearest to the same time and type as Gonzalez's original claim. For example, the eighth claim alleges counsel failed to advise Gonzalez prior to his plea that the "purity" of the methamphetamine ("actual") could increase the guidelines base offense level when computing Gonzalez's sentence. While this claim arises from the same time as the original claim, it does not arise from the same type of facts, *i.e.*, that Gonzalez would receive the mandatory minimum ten years. The new eighth claim does not relate back and is untimely.

Likewise, the new fifth claim alleges counsel made "affirmative misrepresentations" to Gonzalez prior to his plea concerning the anticipated sentence term. In the original claim, Gonzalez alleges that "[a]lthough his plea agreement quoted no sp[e]cific sentence, Gonzalez's counsel possitively [sic] assured him not to worry regarding the sentencing exp[o]sure, because 10 years was the expected sentence he would receive under the circumstances" and that "counsel had made an agreement with the government to that specific term of sentence." DE 49 at 4. However, in the new claim, Gonzalez alleges that counsel told Gonzalez "he had spoken to [AUSA] Thomas Crosby and misrepresented that he guaranteed and secured the 5k1 cooperation, substa[n]tial assistance terms, and 'safety valve' sentence reduction respectfully 'whether or not he cooperated with or assisted with the government' and that he would not see Gonzalez do more tha[n] 5 years."

13

DE 66 at 22. While Gonzalez might argue that the new claim simply "clarifies" the original claim, the court finds the facts are sufficiently different to state a new claim: for the original claim, counsel advised that he made an agreement with the government that Gonzalez's sentence would be no longer than ten years, and for the new claim, counsel advised that he arranged with the government that Gonzalez would receive the benefits of a Rule 5K motion (seeking a sentence reduction for substantial assistance) and an application of the "safety valve" without any requirement that Gonzalez cooperate, which would lead to a sentence term of no more than five years.[4] Based on these differences, the court finds the new fifth claim is untimely.

Even if the court were to find that the fifth and eighth claims relate back to the original claim, the court would conclude that any incorrect advice regarding his sentence that Gonzalez may have received prior to pleading guilty was cured by the Rule 11 colloquy and by Gonzalez's expressions of understanding during his arraignment. *See Akande*, 956 F.3d at 263 (a plea colloquy can correct an alleged error if the district court provides a "careful explanation" that "address[es] the particular issue underlying the affirmative misadvice.").

In sum, the court finds that eight of the ten "new" claims in Gonzalez's May 2022 amended petition clearly are not tied to the common core of operative facts underlying his original claim. Gonzalez's fifth and eighth claims facially appear to be the same time and type of facts supporting the original claim; however, a closer inspection reveals that the facts are, in fact, different. Even if they were sufficiently the same and the court were to find that the fifth and eighth claims related

---

[4] The court notes that the original petition and subsequent memorandum/amended petition (and attached affidavit) contain signatures significantly different from each other, and from the signature on the plea agreement that Gonzalez, at the arraignment, confirmed under oath he had signed. *Compare* DE 12 at 8 *with* DE 49 at 12 *and* DE 66 at 38, 39 *and* DE 66-1 at 8. While the court makes no substantive finding on these differences, the court cannot help but question whether the amended petition and affidavit contain information that truly "clarifies" what counsel actually told Gonzalez before he pled guilty.

back to the original claim, the court would find that Gonzalez fails to demonstrate a reasonable probability that, but for the alleged misadvice alleged in the fifth and eighth claims, he would not have pleaded guilty and insisted on going to trial. *See Lee*, 582 U.S. at 364-65.

## IV. Conclusion

To be sure, "pro se filings are 'h[e]ld to less stringent standards than formal pleadings drafted by lawyers,' but that does not give a court license to look beyond the claim presented." *Folkes v. Nelsen*, 34 F.4th 258, 272 (4th Cir. 2022), *cert. denied sub nom. Folkes v. Williams*, 214 L. Ed. 2d 386, 143 S. Ct. 736 (2023) (quoting *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L.Ed.2d 652 (1972)). Here, the court liberally construed Gonzalez's petition and memorandum/ amended petition to allege potential violations of Gonzalez's Sixth Amendment right to the effective assistance of counsel, but did not expand its consideration to include untimely claims. Moreover, given the court's careful explanation of the sentencing process—including the court's role in determining the actual sentence term—and Gonzalez's clear expressions of his understanding at the arraignment hearing, Gonzalez failed to demonstrate he suffered prejudice from any misadvice he received prior to the arraignment concerning his sentence.

Reviewing the claims presented in the petition and amended petition in light of the applicable standard, the court finds reasonable jurists would not find the court's treatment of any of petitioner's claims debatable or wrong, and none of the issues are adequate to deserve encouragement to proceed further. *See Buck v. Davis*, 580 U.S. 100, 122 (2017); *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). The court denies a certificate of appealability.

Accordingly, the court GRANTS the United States' motion to dismiss [DE 67], DENIES Gonzalez's petition to vacate or set aside his conviction [DE 49], and DENIES a certificate of appealability.

SO ORDERED this __15th__ day of May, 2023.

*Richard E Myers II*
RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE