RECEIVED
NOV 06 2023
PETER A. MOORE, JR., CLERK
US DISTRICT COURT, EDNC

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

**JUAN ROBERTO GONZALEZ-DE LA MORA,**

**Defendant-Petitioner,**

**vs.** **Civil Action No. 5:21-CV-505-M**

**UNITED STATES OF AMERICA,** **Criminal No. 5:20-CR-109-M-1**

**Plaintiff-Respondent.**

______________________________/

**PETITIONER'S MOTION FOR LEAVE TO AMEND MOTION TO VACATE, SET ASIDE, AND/OR CORRECT A SENTENCE [28 U.S.C. 2255], BROUGHT IN ACCORDANCE WITH RULE 15(a)(2) OF THE FEDERAL RULES OF CIVIL PROCEDURE**

NOW COMES Petitioner, JUAN ROBERTO GONZALEZ-DE LA MORA, appearing *pro se*, and respectfully submits this motion for leave to amend his motion to vacate, set aside, and/or correct his sentence [28 U.S.C. 2255], pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, and for such other relief that the Court may deem just and proper. In support of this motion, Petitioner would show the Court as follows:

**I. *Relevant Background & Facts.***

On or about May 8, 2019, Petitioner was arrested by federal law enforcement officials and placed in Wake County Detention Center, to await prosecution in this matter.

On February 28, 2020, a two-count felony Information was filed in the Eastern District of North Carolina charging Defendant with one count of conspiracy to distribute and possess with intent to distribute five hundred grams or more of methamphetamine between February 2019 and May 8, 2019, in violation of 21 U.S.C. 846 (Count One), and possessing with the intent to distribute five hundred grams or more of methamphetamine, on May 8, 2019, in violation of 21 U.S.C. 841(a)(1) (Count Two).

Prior to the filing of this Information, Petitioner had not been informed of his Fifth Amendment right to a Grand Jury Indictment. On March 24, 2020, Petitioner was advised by his attorney that he was required to sign a "Waiver of Indictment" form because the Government had decided that he would be prosecuted by Information, and that such a decision was the Government's to make. Acting on the information and advice of counsel, signed the waiver of indictment as directed.

Petitioner had also complained to his attorney about being detained for nearly ten months without a court appearance. Counsel advised that the Government was well within their right to proceed in such a manner, and that because Petitioner was not a citizen of the United States, he did not enjoy the same rights as other prisoners – some of whom had informed Petitioner that his rights were being violated.

Petitioner only recently learned that the information furnished upon him by his former attorney was grossly incorrect. Until recently, Petitioner believed that because he was not a United States Citizen that he did not have the same rights as U.S. Citizen prisoners, and that it was the Government who would decide whether he would be prosecuted by indictment or information, and that he was not required to sign the waiver of indictment, as his attorney indicated. But for his attorney's misleading advice and remarks, Petitioner would never have executed the waiver of the right to an indictment. Instead, he would have insisted upon being afforded his constitutional right to an indictment.

Until recently, Petitioner was also unaware that he had a constitutional right to a speedy trial. By virtue of material misrepresentations made by his former attorney, Petitioner believed that because of his nationality, he did not have the same rights as those afforded defendants who are U.S. Citizens.

On March 24, 2020, during his first appearance, and on the advice and direction of counsel, Petitioner entered a plea of guilty. Prior to entering the guilty plea, Petitioner was informed by former counsel that trial was not an option. And he accepted counsel's advice. On December 2, 2020, the Court sentenced Petitioner to 210-month term of imprisonment. No appeal was taken.

On December 8, 2021, Petitioner filed a pro se motion to vacate his sentence under 28 U.S.C. 2255, arguing that he was denied his right to effective assistance of counsel. The Government subsequently moved to dismiss the motion. On May 15, 2023, the Court granted the Government's motion to dismiss and denied Petitioner's 28 U.S.C. 2255 motion. Petitioner has since filed an appeal, and that appeal is still pending before the U.S. Court of Appeals for the Fourth Circuit.

Petitioner now seeks leave to amend the previously filed 28 U.S.C. 2255 motion, and for the reasons stated hereinafter, this motion should be promptly granted, in its entirety.

## II. Arguments.

### THE COURT SHOULD GRANT LEAVE TO AMEND THE 28 U.S.C. 2255 MOTION, SINCE PETITIONER ONLY RECENTLY LEARNED OF ADDITIONAL FACTS RENDERING HIS JUDGMENT INVALID

**(a) *The Legal Standard.***

Although this Court granted the Government's motion to dismiss the previously filed Section 2255 Motion, that decision is not yet "final," and the Court may therefore grant leave to amend that motion. This is so because of the pendency of the appeal from the order granting the Government's motion to dismiss and denying Petitioner's claim of ineffective assistance of counsel raised in the previously filed motion.

To be sure, courts have held that "so long as appellate proceedings following the district court's dismissal of the initial petition remain pending when a subsequent petition is filed, the subsequent petition does not come within the AEDPA's gatekeeping provisions for 'second or successive' petitions." *Whab v. United States*, 408 F.3d 116, 118 (2d Cir. 2005). Thus, 'when a [section] 2255 is filed before adjudication of an initial [section] 2255 motion is complete, the district court should construe the second [section] 2255 motion as a motion to amend the pending [section] 2255 motion." *Boyd v. United States*, No. 3:12-cv-00507-RJC, 2015 WL 5113274, at *1 (W.D.N.C. Aug. 31, 2015)(quoting *Ching v. United States*, 298 F.3d 653, 658 (2d Cir. 2002)).

The amendment of a Section 2255 motion is governed by Rule 15(a) of the Federal Rules of Civil Procedure. *See, United States v. Pittman*, 209 F.3d 314, 317 (4th Cir. 2000). Rule 15(a)(2) provides that a party seeking leave – under circumstances such as those presented here – must seek leave of the Court for such an amendment. Leave should be freely given when justice so requires. Id.; *see also, Foman v. Davis*, 371 U.S. 178, 182 (1962). This is especially true where the "underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief." *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1262 (11th Cir. 2004). Thus, since the Fourth Circuit has not disposed of the appeal, this amendment is proper.

**(b)*Denial of Fifth Amendment Right to Indictment.***

"The Fifth Amendment provides that federal prosecutions for capital or otherwise infamous crimes must be instituted by presentment or indictments of grand juries." *Costello v. United States*, 350 U.S. 359, 361-362 (1956). By virtue of ineffective assistance of counsel, Petitioner was denied his Fifth Amendment right when the Government elected file an Information, rather than an indictment, despite the passage of more than six months after the Petitioner's arrest and continuous detention. Further, that decision was made prior to securing a waiver of the right to an indictment, and former counsel advised Petitioner that he was required to execute the waiver of the right to an indictment, and essentially had no choice in the matter.

But for counsel's constitutional shortcomings, Petitioner would have insisted on invoking his Fifth Amendment right to an indictment by grand jury. Arguably, had he done so, no grand jury would have returned a true bill. The fact that Petitioner remained detained for six months after his arrest without the return of an indictment speaks to the Government's issue with seeking and returning an indictment. Thus, it cannot be said that an indictment could have been returned in this case. To the contrary, it is obvious that no indictment could have been returned, and Petitioner was denied his substantial Fifth Amendment right to a grand jury indictment and the effective assistance of counsel guaranteed by the Sixth Amendment.

The standard governing ineffective assistance of counsel is a familiar one to federal district courts. To sustain a claim of ineffective assistance of counsel a petitioner need demonstrate only that (1) counsel's performance was deficient, and fell below an objective standard of reasonableness, and (2) the petitioner suffered prejudice as a result of counsel's unprofessional errors. *See, generally Strickland v. Washington,* 466 U.S. 668, 687-88 (1984). But for counsel's material and affirmative misrepresentations to this Petitioner, he would have insisted on a grand jury indictment and would never have entered a plea of guilty. These facts conclusively establish that Petitioner was denied the effective assistance of counsel, and that his guilty plea is both involuntary and invalid. *See, Hill v. Lockhart,* 474 U.S. 52, 59 (1985).

In view of the foregoing, the Court should grant leave to amend the previously filed motion with this additional claim of ineffective assistance of counsel, which relates back to the previous claim of ineffective assistance of counsel advanced in the prior motion. Such a claim is therefore properly before this Court, and timely. *accord Mayle v. Felix,* 545 U.S. 644 (2005).

The Court should therefore grant leave to amend and vacate the judgment of conviction, in the interest of justice and to prevent a complete miscarriage of justice.

**(c) *Denial of Right to Speedy Trial.***

As noted above, Petitioner was arrested on or about May 8, 2019, and was placed in a local detention center, where he was essentially left to languish with no judicial proceedings or due process until on or about March 24, 2020. Petitioner complained to his attorney who advised that the Government was authorized to so detain him without any process, and that because of his nationality he did not share the same privileges and rights as those enjoyed by U.S. Citizens who are detained.

A criminal defendant possesses both statutory and constitutional rights to a speedy trial. Statutorily, the Speedy Trial Act requires that a defendant be indicted within 30 days of an arrest, and tried within 70 days of an indictment. *See,* 18 U.S.C.. 3161(b) and (c). Where the Government fails to act within such periods, the charges must be dismissed. *See,* 18 U.S.C. 3162(a). Further, where a defendant has been detained for more than 90 days without a trial, the Court is duty-bound to release that defendant on bail. *See,* 18 U.S.C. 3164(c). By virtue of ineffective assistance of counsel, Petitioner was denied each of his statutory Speedy Trial Act rights and procedural protections.

Criminal defendants, irrespective of ethnicity and nationality, also have a right under the Sixth Amendment of the United States Constitution to both a speedy and public trial. *See, United States v. Crawford,* 636 Fed. App'x 405, 407 (4th Cir. 2015)

Petitioner submits that he was denied his Sixth Amendment right to Effective Assistance of Counsel at sentencing where counsel failed to object on the ground that the sentence exceeded the ten years statutory maximum period conveyed by statute to a person of ordinary intelligence.

The Information charged Petitioner with an offense involving 500 grams or more of methamphetamine in a solid (not liquid) form. The Government pursued and obtained a sentence under 21 U.S.C. 841(b)(1)(A) – which provides for a minimum of 10 years and a maximum of Life imprisonment. However, the statutory provisions concerning methamphetamine are unconstitutionally vague as applied to this Petitioner.

The punishment authorized for a violation of a criminal statute must be clearly defined by the statute. See, United States v. Batchelder, 442 U.S. 114, 121 (1979); United States v. Harris, 932 F.2d 1529, 1536 (5th Cir. 1991). "[V]ague sentencing provisions may pose constitutional questions if they do not state with sufficient clarity the consequences of violating a given criminal statute." Batchelder, 442 U.S. at 123. The statute here is unconstitutionally vague since it fails to provide adequate notice of the penalties for offenses involving methamphetamine, to a person of ordinary intelligence and misinforms such a person as to the schedule for methamphetamine in a solid form. The statute is ambiguous.

Methamphetamine is listed as a Schedule III controlled substance in the statute. See, 21 U.S.C. 812 Schedule III(a)(3) ("Any substance (except an injectable liquid) which contains any quantity of methamphetamine, including its salts, isomers, and salts of isomers.") Thus, a reasonable person consulting the statute (the place a person or ordinary intelligence would look for a definition of criminal conduct) would conclude that methamphetamine in a crystallized form is a Schedule III controlled substance, and that as such it is punishable by a maximum term of 10 years imprisonment. See, 21 U.S.C. 841(b)(1)(E)(i)("in the case of a controlled substance in Schedule III, such person shall be sentenced to a term of imprisonment of not more than 10 years...") Section 841(b)(1)(E)(i), read in conjunction with Section 812 ("Schedules"), clearly and unequivocally provides a person of ordinary intelligence with information that a sentence of not more than 10 years is the penalty for engaging in an offense involving methamphetamine in a powder form. Section 841(b)(1)(A) proscribes and penalizes offenses involving methamphetamine, but that section does not differentiate between methamphetamine in a non-injectable (powder) form and methamphetamine in an injectable (liquid) form. Section 812 clearly provides that methamphetamine in a non-liquid form is a Schedule III controlled substance, and punishable by no more than ten years imprisonment. The statute is vague, presenting extraordinary and compelling reasons to reduce the term.

Had counsel raised this issue at sentencing, there is a substantial likelihood that either Court would have concluded that the statute fails to provide adequate notice, and that the maximum penalty that may be imposed for an offense involving methamphetamine in a solid form is 10 years. Thus, the sentence must be vacated.

## III. *Conclusion.*

For the many reasons stated above, the Court should grant leave to amend the Section 2255 Motion, and vacate the judgment of conviction and sentence in this case.

WHEREFORE, Defendant prays that the Court will grant this motion, in its entirety.

Dated: Oakdale, Louisiana
October 30, 2023

Respectfully submitted,

*Juan Roberto Gonzalez-DeLa Mora*

JUAN ROBERTO GONZALEZ-DE LA MORA
REGISTER NO. 67367-056
F.C.I. OAKDALE
P.O. BOX 5010
OAKDALE, LA 71463

## IV. *Certificate of Service.*

This shall certify that a true and correct copy of this motion has been furnished upon the Office of the U.S. Attorney for the Eastern District of North Carolina at 150 Fayetteville Street, Suite 2100, Raleigh, NC 27601, on this 30th day of October, 2023, by U.S. Mail, postage prepaid.

Dated: Oakdale, Louisiana
October 30, 2023

*Juan Roberto Gonzalez-De La Mora*

JUAN ROBERTO GONZALEZ-DE LA MORA