IN THE UNITED STATES DISRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

Case No. 5:20-CR-00109-M
Case No. 5:21-CV-00505-M

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | |
| v. | : | ORDER |
| JUAN ROBERTO GONZALEZ DE LA MORA, | : | |
| Defendant. | : | |

This matter comes before the court on Defendant Juan Roberto Gonzalez de la Mora's ("Gonzalez") Motion for Leave to Amend Motion to Vacate, Set Aside, and/or Correct Sentence pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure [DE 86]. Defendant contends that his motion is properly filed in accordance with opinions issued by the Second Circuit Court of Appeals; however, those decisions, even if otherwise persuasive, demonstrate that the motion is not properly before the court at this time. That is, the decisions on which Defendant relies are procedurally different than the present case and, thus, do not support his position.

Defendant argues that while he may not be permitted to file a second, or successive, petition to vacate under 18 U.S.C. § 2255, he may properly file a motion to amend his initial petition, which was denied by this court; the court's order denying the petition is currently pending before the Fourth Circuit Court of Appeals. *See* Order, DE 79; Notice of Appeal, DE 81. Defendant relies on the Second Circuit's opinions in *Whab v. United States*, 408 F.3d 116, 119 (2d Cir. 2005) and *Ching v. United States*, 298 F.3d 174, 177 (2d Cir. 2002). This court is bound by neither of these opinions; however, even if it were, these cases are distinguishable, as explained in *Whab*:

> In *Ching*, we observed that "*in general*, when a § 2255 motion is filed before adjudication of an initial § 2255 motion is complete, the district court should construe the second § 2255 motion as a motion to amend the pending § 2255 motion." 298 F.3d at 177 (emphasis added). The purpose of this practice was to allow the petitioner the benefit of the more flexible standards of Federal Rule of Civil Procedure 15, rather than the "more stringent standards" of AEDPA's rule for "second or successive" petitions, so as to assure the petitioner "'one full opportunity to seek collateral review.'" An instruction to treat the new petition as a motion to amend the prior petition, however, would be neither necessary nor appropriate in this case. It is not necessary because we have determined that this petition is not subject to the "second or successive" petition rule. It would not be appropriate for us to so instruct the district court because of the procedural circumstances that distinguish this case from *Ching*.
>
> In *Ching*, the subsequent petition was filed initially in the district court and did not come before this court until the district court mistakenly sent it here for performance of the gatekeeping function. At the moment the district court sent the subsequent petition to this court, the district court had both prior and subsequent petitions before it. In ruling that the subsequent petition should not have been sent to us for gatekeeping, we observed that it would have been appropriate for the district court to treat the subsequent petition as a motion to amend the prior petition. In contrast, in the instant case, the district court never had the two petitions before it simultaneously. Before the subsequent petition was filed, the initial petition had already moved to appellate proceedings. This court has since denied a COA, so that the earlier petition will not be before the district court when this petition enters its docket. We can see no reason in these circumstances to instruct the district court to treat the new petition as a motion to amend the initial petition.

*Whab*, 408 F.3d at 119 (citations omitted) (emphasis in original). In *Ching*, unlike here, both the initial and second petitions were filed in and pending before the district court at which time the Second Circuit determined the second petition should be adjudicated as a motion to amend. In *Whab*, the second petition was filed in the appellate court, and that court found the petition should not be considered as a motion to amend when transferred to the district court because the initial motion was not (and would not be) pending before the district court.

Here, the initial motion is not currently pending before this court; accordingly, the motion to amend is not properly filed at this time and will be DENIED WITHOUT PREJUDICE to the Defendant's ability to re-file the motion if the initial petition is remanded to the district court for

further consideration and proceedings. *See also Boyd v. United States*, No. 3:07-CR-45, 2015 WL 5113274, at *1 (W.D.N.C. Aug. 31, 2015).

SO ORDERED this 29th day of November, 2023.

Richard E Myers II

RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE