UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

FILED
JUN 12 2024
PETER A. MOORE JR., CLERK
US DISTRICT COURT, EDNC
BY DEP CLK

Juan Roberto Gonzalez de la Mora
(Petitioner)
v.
United States of America
(Respondent)

Crim. No. # 5:20-CR-109
Civ. No. # 5:21-CV-505

MOTION TO REQUEST VACATURE OF JUDGEMENT UNDER RULE 60(b)

**COMES NOW,** Juan Roberto Gonzalez, petitioner acting pro se, and hereby respectfully submits this motion humbly requesting that this Honorable Court vacate judgement under Rule 60(b), a judgement imposed on petitioner(Gonzalez) without jurisdiction, and to please order that petitioner be released from imprisonment.

## BACKGROUND

On May 8, 2019 petitioner (Gonzalez) was arrested by federal authorities (DEA) interrogated by (DEA) agents and placed in Wake County Detention Center ( State Jail ) were he remained for 9 months without an indictment.

On February 28, 2020 petitioner entered into a (Two) count criminal information, plea agreement, and suplemental agreement. (no indictment, no waiver of indictment, no waiver to be indicted).

Count (one): conspiracy to distribute and possess with intent to distribute five hundred (500) grams or more of methamphetamine in violation of 21 U.S.C. §846.

Count (two): possession with intent to distribute five hundred (500) grams or more of methamphetamine, aiding and abeting. in violation of 21 U.S.C.§841 (a)(1), 18 U.S.C. §2.

On March 24, 2020 Gonzalez appeared in court for arraignment on both counts in the information and plea agreement previously signed out of court.

On December 2, 2020 Gonzalez was sentenced to 210 months inprisonment followed by 5 years of supervised release.

On December 9, 2021 Gonzalez filed a motion pro se 28 U.S.C. §2255 to vacate set aside or correct sentence. dated: 12/3/2021.

On December 27, 2021 Gonzalez files a motion to stay and extend time for 60 days to submitt memorandum of law in support of motion 28 U.S.C. §2255. The court grants the motion.

On February 22, 2022 Gonzalez sought and was granted an additional 60 days to file the memorandum of law.

On May 16, 2022 the court filed a memorandum of law, submitted by Gonzalez on Aplil 25, 2022.

On May 27, 2022 The United States filed filed a motion to dismiss the petition, pursuant to Rule 12(b)(6).

On August 5, 2022 Gonzalez filed a reply in responce to government's motion to dismiss.

On October 21, 2022 Gonzalez filed a motion to waive evidentiary hearing and expedite ruling, which was denied by the court.

On May 15, 2023 The District Court filed and entered a judgement where it denied Gonzalez's motion 28 U.S.C. §2255 to vacate set aside or correct sentence. This was a two part denial, first part was denied on the merrit of the pleading, second part was denied on procedural grounds.

On June 5, 2023 petitioner filed a timely appeal of the denial of habeas corpus petition in the 4th circuit court of appeals. No.23-6552.

## INTRODUCTION

This case concerns the denial of petitioner's (Gonzalez) 28 U.S.C.§2255 without the court adjudicating/resolving/ruling on the most important defect in the proceeding, which is that the court lacked jurisdiction over the case ab initio due to the fact the government never filed a proper indictment against petitioner, and the waiver of indictment filed at arraignment was untimely. Thus, did not cure the lack of a proper indictment.

## LACK OF JURISDICTION

The non-existence of an indictment on its face implied that the court was without jurisdiction to hear the case, as **Fed. R. Crim. P. 7(a)** specifically provides that "an offence which may be punished by imprisonment for a term exeeding one year, shall be prosecuted by indictment. The absence of an indicment is a jurisdictional defect which deprives the court of the power to act.
Such jurisdictional defect cannot be waived by a defendant, even by a plea of guilty. see **Smith v. United States, 360 U.S. 1, 9, 3, L. Ed 2d 1041, 79 S. Ct. 991 (1959) (quoting Ex-parte Wilson, 114 U.S. 417, 429, 24 L. Ed 89, 5 S. Ct. 935 (1885).** see **also Parkinson v. U.S. 121 U.S. 281 (1887).**
Such crime if prosecuted without an indictment or presentment by a grand jury, exeeded the court's jurisdiction and the defendant is to be discharged from imprisonment. The district court had no jurisdiction over this case, where no indictment existed, and the doctrine of procedural default therefore does not bar Gonzalez's previous petition. One type of claim that has been historically recognized as fundamental, and for which collateral relief has accordingly been available, is that of "jurisdictional error". see **United States v. Peter, 310 F. 3d 709 (11th cir. 2002)**

see **Keel v. United States, 585 F. 2d 110, 114 (5th cir. 1978).** see **Louisville and Nashville Railroad Co. v. Mottley, 211 U.S. 149, 152 (1908).** see **United States v. Peter, at (2002 U.S. app. Lexis 17).** see **U.S. v. Morgan, 346 U.S. 502, 98 (at 509 n.15).** see **United States v. Cotton, 535 U.S. 625, 630 (2002) also, U.S. v. Hartwell, 448 F. 3d 707, 715 (4th cir. 2006).** The above mentioned cases all have one common core, that is, with out a granjury indictment the court is without jurisdiction, with out jurisdiction the judgement is void fron inception. Also, an information and/or plea of guilt cannot be said to replace a non- existent indictment. There is no statute of limitations when it comes to ajurisdictional defect.

This is not a case were a defendant waived his right to be prosecuted by an indictment where he had been validly indicted when he pled guilty to a superceeding bill of indictment, nor could it have been assumed thet the petitioner waived the indictment by a plea of guilty.

Petitioner has established well, the jurisdictional defect in the integrity of the Federal Heabeas proceedings and the break in the contitutional due process that took place from the begining of the case that has rendered the entire proceeding including judgement and denial order on 2255 irregular and void.

Though this Court lacks jurisdiction over the case, it still has the authority to exercise its discretion to correct this jurisdictional oversight that took place within the walls of this Honorable Court. In recent rulings, Judge Richard E. Myers II has shown a willingness to address procedural defects impacting the jurisdictional foundation of cases. In **Cawthorn v. Circosta, 5:22-CV-50,** Judge Myers demonstrated his attentiveness to procedural compliance and jurisdictional issues, and addressed complex jurisdictional arguments, underscoring his commitment to ensuring due process. Additonally, in **United States v. Jackson, 7:19-CR-77(E.D.N.C. 2020)** Judge Myers emphasized the critical role of jurisdiction in post conviction proceedings, affirming that jurisdictional defects render proceedings void and warrant corrective measures.

**RELIEF REQUESTED UNDER RULE 60(b)(1)(2)(3)(4)(6)**

Therefore petitioner (Gonzalez) respectfully requests relief under Rule 60(b) as follows:

**Rule 60(b)(1) Mistake, Inadvertence, Surprise or Exusable Neglect:** The absence of a grandjury indictment was a fundamental oversight that whent unnoticed, impacting the entire judicial process. This could constitute as a "Mistake".

**Rule 60(b)(2) Newly Discovered Evidence:** Evidence demonstrating the lack of a grandjury indictment has surfaced, which could not have been discovered earlier without the due diligence on petitioner's part and this diligence reflects on the docket sheets of this court.

**Rule 60 (b)(3) Fraud, Misrepresentation, or Misconduct by an Opposing Party:**

**(a) Fraud:** The prosecution's failure to secure a granjury indictment within 30 days of criminal complaint/arrest, without filing for extension at any point, no waiver to be indicted was ever filed by petitioner (Gonzalez). This could constitute as "fraud".

**(b) Misrepresentation:** **Misconduct by an opposing party** The Ruse that was staged by the federal authorities to keep Gonzalez in State Jail under the belief that he was being prosecuted by State Authorities, when in fact The DEA arrested petitioner, held him in a federal building, petitioner was interrogated by DEA agent Lance Anthony and others who acompanied him in the interrogation, the federal authorities started the case but incarcerated petitioner in a county jail(Wake County Detention Center) for 9 months, the government left petitioner in County Jail/COVID-19 conditions, to be frustrated into signing an information, because the prosecution could not secure a valid indictment, there is no reason to believe an indictment could be secured at this point, due to the statute of limitations. This could constitute "Misrepresentation, Misconduct by an opposing party".

**Rule 60(b)(4) The Judgement is Void:** Given the absence of an indictment ab initio severely implicates the due process clause under the 5th Amendment of the U.S. Constitution. Thus, the district courtwas deprived of jurisdiction ab initio, infact this lack of jurisdiction cannot be cured by treating the information filed in the district court to replace a"non-existent indictment" <u>see</u> **Doc. #1 Information.** This renders the judgement Void. Rule 60(b) also preserves parties' opportunity to obtain vacatur of a judgement that is void for lack of subject-matter jurisdiction- a consoderation just as valid in habeas cases as in any other, since the absence of jurisdiction all together deprives a federal court of the power to adjudicate the rights of the parties. **Steel Co. v. Citizens for Better Environment, 523 U.S. 83, 94, 101, 140, L. Ed 2d 210, 118 S. Ct. 1003 (1998).** <u>see</u> **also Gonzalez v. Crosby, 545 U.S. 524, 162 L. Ed 2d 480, 125 S. Ct. 2641 (2005).** In general.

**Rule 60(b)(6) Any Other Reason that Justifies Relief:** In this case, if due process would have been followed, and if the guideline level would have been partial to the offence commited(without the ehancements that were added after plea agreement), then the outcome would have been as follows:

| | | |
|---|---|---|
| 7.14k. of Meth. Base Level | +34 | |
| Accepting responsability | - 3 | |
| Safety valve | - 2 | |
| | =29 = | (87-108) months. |

| | | |
|---|---|---|
| Just Sentence | +87 | months |
| good time awarded 15% = | -13.5 | months |
| First Step Act | -12 | months |
| | =61.5 | months |

61.5 months would have been the total sentence Gonzalez would have been subjected to (petitioner has served 60 months as of Two days ago). In the eyes of **Apprendi and Blakely** and proper due process, the calculation above is just. Instead, petitioner has been incarcerated for over 5 years, serving a 17½ year sentence without being properly indicted or procesed, for an offence that if properly prosecuted would merrit (87-108) month sentence.

This reason sets forth extreme circumstances justifying relief. As mentioned above

in a proper proceeding Gonzalez's release date would be June of 2024(next month) rather than April of 2033(current release date).

The fundamental fairness and integrity of the judicial habeas corpus process justify vacating the judgement to correctthis profound jurisdictional defect. These exeptional reasons have trigered extraordinary circumstances to justify relief. 2255 was denied on May 15, 2023, thus,the one year statute of limitations expires on May 15, 2024, this motion is timely.

## NOT A SUCCESIVE 2255

Petitioner (Gonzalez) acting pro se, request of this Honorable Court to liberaly construe this petition. That being said, petitioner would like to make clear the intention and purpose of this **Rule 60(b)(1)(2)(3)(4)(6)** motion, that is to seek an opportunity to obtain vacatur of judgement by sheding light on a jurisdictional defect in the integrity of the federal habeas proceedings that is causing prejudice to petitioner, there are no claims being presented, every thing mentioned in this Rule 60(b)(1)(2)(3)(6) was to establish a timeline of when and how the jurisdictional defect started(still valid reasons to justify relief under Rule 60(b) ) the outcome of this defect being a void judgement(Rule 60(b)(4) ) Petitoner also is showing how this defect falls under more than one category of Rule 60(b).

Unfortunatelly, the 2255 habeas corpus petition was denied without adjudicating/ addressing/resolving the jurisdictional defect (the subject of this motion), there is no attempt to assert, re-assert any aspect of the undelying case or error of petitioner's prior conviction. Simply, petitioner is establishing the lack of jurisdiction/defect in the integrity of the federal habeas proceedings that existed from the inception of the proceeding in Gonzalez's case.

## 3553(a) FACTORS ARE IN FAVOR OF GRANTING THIS MOTION

**(a) The court shall impose a sentence sufficient, but not greater than necessary to comply ..... :** As explained above in the calculation shown, "a sentence sufficient ..... but not greater"would have been 87-108 months for the offence comitted.

**(a)(1) The nature and circumstances of the offence and the history and characteristics of the defendant:** Petitoner has complied in every aspect of this case with the authorities, petioner is not a violent person, was not carrying a weapon the day of the offence, has been a working tax payer since the age of 18 in 1996. Unfortunatelly, this current circumstance Gonzalez finds him self in has stained his good standing record of 41 years up to the day of the arrest, petitioner kindly asks that this court take into consideration the 41 years of good conduct, along with the 1 day arrest that required no investigation into who Gonzalez is. The question here is... how does one speculate on the character of a person ? when no one invoved in the case has ever known this person, no criminal record, no parking infractions, since he has been incarcerated, he has not received any diciplinary writeups, he has obtained his GED while in custody, he is not a public safety risk.

**(a)(2)(A) to reflect the seriousness of the offence, to promote respect for the law, and to provide just punishment for the offence:** Petitoner has established that 5+ years would be considered enough to reflect the seriousness of the offence, and to correct this jrisdictional defect thats causing unwaranted imprisonment and prjudice to human life,would certainly promote respect for the law.

**(a)(2)(B) to afford adequate deterrence to criminal conduct-** Honorable Court, bad decisions have been made, suffering of not seing or huging ones children for over 5 years and knowing that you have just under a decade to go, just the thought alone can break a man, and breaking hapens every mornig, and its accompanied with regret and sadness, comforted by prayer and hope. I am the best version of my self your Honor, one oportunity at life id my request.

**(a)(2)(C) To protect the public from futher crimes:** the paragreph above will relate to this, i am no danger to anyone.

**(a)(4)(A) The aplicable category of the offence.....as set forth in the guidelines.** This also has been explained in the calculations, of what the outcome would have been, had the plea agreement would have been respected.

**(a)(6) The need to avoid unwaranted sentence disparities among defendants......** Petitioner prays that finds it in good reason to rule oposite of its previous ruling if new information arrises,previously unknown to the court, that caused disparities in sentences.

## CONCLUSION

Wherefore, petitioner prays that this Honorable Court considers all aspects of this motion in favor of petitioner, and feels partial to the opinion that more than 5 years is just time for the offence commited and to correct this jurisdictional oversight that is causing un-just imprisonment to human life, causing a more than necessary punishment to petitioner. In light of every thing mentioned in this Rule 60(b) motion, the petitioner respectfully requests that this Honorable Court please grant this motion in its entirety in favor of petitioner(Gonzalez), to vacate judgement and order petitioner to be released from imprisonment.

**Personal Note:** If it is not an inconvenience to anyone ivolved in this case. petitioner(Gonzalez) asks that this Honorable Court Judge him and his motion the way Jesus Crist would judge him, please.

Date: May 10, 2024

Respectfully Submitted,

[signature]

Juan Roberto Gonzalez de la Mora

## CERTIFICATE OF SERVICE

I hereby certify that a copy of petitioner's Rule 60(b) motion has been served to the Clerk's office in the United States District Court for the Eastern District of North Carolina on May 10, 2024. I also request that notice of the filing by the Clerk of the Court be sent to all parties by operation of the Cout's electronic filing system. This motion was sent through U.S. "First Class Mail Service" upon delivery of the same copy in the prison mail box of FCI II Oakdale, LA. on May 10, 2024. and pursuant to the Supreme Court's prison mail box rule.

Date: May 10, 2024

Respecfully Submitted,

Juan Roberto Gonzalez de la Mora